**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Johnny Mack Brownlee,<br><br>Debtor(s). | C/A No. 15-01109-HB<br><br>Chapter 13<br><br>**ORDER SUSTAINING OBJECTION**<br>**TO CONFIRMATION** |

**THIS MATTER** is before the Court on the Objection to Confirmation filed by Assistant United States Attorney George J. Conits on behalf of the Internal Revenue Service ("IRS").[1] Present at the hearing were Conits, Debtor Johnny Mack Brownlee, his counsel, Christopher M. Edwards, and Christine Loftis, attorney for the Chapter 13 Trustee. For the reasons set forth below, the Objection is sustained.

### FACTS

The relevant facts are not disputed. Brownlee filed a voluntary petition for Chapter 13 relief. The IRS filed a timely Proof of Claim in the amount of $121,501.76 for taxes and penalties owed, comprised of a secured portion in the amount of $45,911.06, a priority unsecured portion in the amount of $25,475.36, and a general unsecured portion in the amount of $50,115.34 (the "Claim").[2]

Brownlee's Chapter 13 plan provides: "all secured tax debt will be treated outside of the plan and no funds will be paid by the trustee toward the secured portion of the IRS Claim." The plan proposes to pay the full balance of the unsecured priority portion of the

---

[1] ECF No. 23, filed Oct. 16, 2015.
[2] These are the amounts set forth in the amended claim. The initial claim was filed on March 23, 2015, in the amount of $315,120.41 and it included estimated obligations resulting from unfiled tax returns. Brownlee's counsel explained that Brownlee mistakenly believed he was current on his income tax returns and obligations at the time of filing because for several years he had retained the assistance of a tax preparer to prepare and file his state and federal tax returns.

1

Claim and less than 100% to any general unsecured claims. The plan includes standard language from the Court's form plan[3] applicable to secured claims:

> The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i).

The IRS has a lien on certain personal property owned by Brownlee and his residence. The residence has a market value of $130,000 and the only other lien encumbering the property is a consensual mortgage lien in the amount of approximately $97,000 held by another creditor. Brownlee's plan proposes to cure and pay the arrearage on the mortgage pursuant to 11 U.S.C. § 1322(b)(3) and/or (5).[4]

Brownlee's Schedule J indicates that after payment of his monthly expenses and before his monthly plan payment to the Chapter 13 trustee, $719.00 remains. Brownlee is disabled and his non-filing spouse is retired. Both individuals receive all of their income from social security and a pension. Brownlee has not indicated any anticipated change in future income or expenses. From the estimated $719.00 available, Brownlee proposes to pay the Trustee $505.00 per month for a period of 6 months, $815.00 per month for 12 months, then $1,535.00 per month for the remaining 42 months of the plan.

Although Brownlee's plan proposes that the secured portion of the IRS Claim be "treated outside the plan," Brownlee admits that the terms of the repayment have not yet been determined and would need to be negotiated with the IRS. No payment to the IRS is included in Brownlee's Schedule J expenses.

---

[3] SC LBR 3015-1, Ex. A.
[4] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.

**DISCUSSION AND CONCLUSIONS OF LAW**

The IRS objected to confirmation, asserting that the plan does not provide payment of the secured portion of its Claim pursuant to § 1325(a)(5)(B) because it does not propose to pay the secured claim in full or provide periodic payments to the IRS.[5] The IRS has not accepted the plan and Brownlee does not intend to surrender his home. Therefore, the dispute herein is whether compliance with § 1325(a)(5)(B) is required before a Chapter 13 plan can be confirmed, and, if it is a requirement to confirmation, whether Brownlee's plan is confirmable.

This Court has jurisdiction pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (L) and this Court may enter a final order.

Brownlee bears the burden of proving that "the plan meets all of the elements for confirmation found in § 1325." *In re Poole*, 383 B.R. 308, 314–15 (Bankr. D.S.C. 2007); *In re Stewart*, 172 B.R. 14, 15–16 (W.D. Va. 1994) ("The burden is on the debtor to prove that a proposed plan complies with Chapter 13."); *In re Goodavage*, 41 B.R. 742, 743 (Bankr. E.D. Va. 1984). Brownlee must meet this burden by a preponderance of the evidence. *In re Bridges*, 326 B.R. 345, 349 (Bankr. D.S.C. 2005).

Section 1325(a) of the Bankruptcy Code provides that a Court shall confirm a Chapter 13 plan when certain provisions are met. The majority of courts addressing whether satisfaction of § 1325(a) is necessary for confirmation, including those within the Fourth Circuit, have found that the requirements of § 1325(a) are mandatory and must be met prior to confirmation. *See Assocs. Commercial Corp. v. Rash*, 520 U.S. 953, 956–57,

---

[5] The IRS does not object to the treatment of the priority or general unsecured portions of its Claim.

117 S. Ct. 1879, 1882–83, 138 L. Ed. 2d 148 (1997) (stating in dicta, "[t]o qualify for confirmation under Chapter 13, the [Debtors'] plan had to satisfy the requirements set forth in § 1325(a) of the Code."); *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447, 462 (6th Cir. 2009) ("[W]e hold that the provisions in 11 U.S.C. § 1325(a) are mandatory requirements for confirmation of a proposed plan under Chapter 13 of the Bankruptcy Code and that a bankruptcy court has no discretion to confirm a plan which does not comply with those requirements."); *In re Jones*, 530 F.3d 1284, 1288 (10th Cir. 2008) ("In order to qualify a plan for confirmation under Chapter 13 of the Bankruptcy Code, a debtor must accommodate each creditor with an 'allowed secured claim' in one of three ways under § 1325(a)(5)."); *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994); *In re Stewart*, 172 B.R. at 16 ("If none of the § 1325[(a)(5)] requirements are met, the bankruptcy [court] should not confirm a Chapter 13 plan."); *McGinnis v. Vetter*, C/A No. CCB-09-1978, 2010 WL 1409851, at *3 (D. Md. Mar. 31, 2010) ("[T]his court concludes that the provisions of § 1325(a) are most likely mandatory."); *In re Hamilton*, 102 B.R. 498, 500 (Bankr. W.D. Va. 1989) (finding that the Chapter 13 plan could not be confirmed because it failed to comply with § 1325(a)(5) and did not propose treatment of the secured portion of the IRS's claim).  Furthermore, this Court has consistently recognized § 1325(a)(5) as a requirement to confirmation. *See In re Sanders*, 521 B.R. 739, 744 (Bankr. D.S.C. 2014) (applying § 1325(a)(5) as a requirement to confirmation of a plan); *In re Crawford*, 532 B.R. 645, 648 (Bankr. D.S.C. 2015) (noting that the elements set forth in § 1325(a)(5) are requirements for confirmation).  Adopting the majority view, the Court finds that the requirements of § 1325(a) must be satisfied for confirmation of a Chapter 13 plan.[6]

---

[6] A minority of courts have found that § 1325(a) is not a requirement to confirmation and if a proposed Chapter 13 plan does not meet the requirements of § 1325(a), but appears to be meritorious, the court has

4

At issue here is § 1325(a)(5), which provides that a court shall confirm a plan if certain requirements are met. Subsection 1325(a)(5)(A) is inapplicable because the IRS has objected and, therefore, there can be no argument that it has accepted the plan. Brownlee's plan does not propose to surrender property pursuant to § 1325(a)(5)(C) and there is no argument that the plan violates § 1325(a)(5)(B)(i) because it provides for the retention of the IRS lien. Rather, the relevant subsection is § 1325(a)(5)(B)(ii), which provides:

> [W]ith respect to each allowed secured claim provided for by the plan . . .
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
> (iii) if--
> > (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
> > (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan[.]

11 U.S.C. § 1325(a)(5).

"Under Section 1325(a)(5), absent approval by the secured claim holder, a Chapter 13 plan must provide for secured claims either by surrender or cram down." *U.S. v. White*, 340 B.R. 761, 766 (E.D.N.C. 2006) *aff'd sub nom. In re White*, 487 F.3d 199 (4th Cir. 2007). Section 1325(a)(5)(B), which is commonly referred to as the "cram down" option, allows a debtor:

---

discretion to confirm the plan. *See In re Szostek*, 886 F.2d 1405, 1411 (3d Cir. 1989) ("[T]he distinction between § 1322 and § 1325(a) and the inclusion of the 'only if' language in § 1129, which is absent from § 1325(a), show an unmistakable intent on the part of Congress that a plan may be confirmed even if it does not comport with the requirements of § 1325(a)(5)."); *see also In re Britt*, 199 B.R. 1000, 1006–07 (Bankr. N.D. Ala. 1996) ("Section 1325(a) need not be satisfied for the Court to confirm a plan. . . . The Court has discretion . . . to confirm a plan which satisfies §§ 1322 and 1325(b) but does not satisfy § 1325(a).").

5

> to keep the property over the objection of the creditor; [so long as] the creditor retains the lien securing the claim . . . and the debtor is required to provide the creditor with payments, over the life of the plan, that will total the present value of the allowed secured claim, *i.e.*, the present value of the collateral[.]

*Rash*, 520 U.S. at 956–57, 117 S. Ct. at 1882–83; *White*, 340 B.R. at 765 ("Section 1325(a)(5)(B) . . . allows the debtor to retain property, while the creditor retains the lien and the creditor is paid equivalent value through the plan."); 10 *Norton Bankr. L. & Prac.* 3d 11 U.S.C. § 1325. "The purpose of [§ 1325(a)(5)(B)] is to protect the creditor's interest, and place the creditor in as good a position as if the debtors had surrendered the property." *In re Sarkese*, 189 B.R. 531, 536 (Bankr. M.D. Fla. 1995) (citing *Collier on Bankruptcy*, ¶ 1325.06); *In re Allen*, 240 B.R. 231, 240 (W.D. Va. 1999).

"[I]n the absence of consent, surrender, or the invocation of the 'cure and maintain' provisions of § 1322(b), a Chapter 13 plan must present a proposal for the treatment of an allowed secured claim that fulfills the detailed requirements imposed by § 1325(a)(5)(B)." *In re Sanford*, 390 B.R. 873 (Bankr. E.D. Tex. 2008). A debtor must set forth a specific plan for treatment of a secured claim under § 1325(a)(5)(B). *See id.* (finding that the debtors' "murky, amorphous proposal for the treatment of the [IRS's] secured claim that does not identify a schedule for its satisfaction, does not specify the payment of interest as a component to ensure that the present value of the claim is paid, and does not specifically provide for the retention of the lien currently held by the IRS" frustrated the purpose of § 1325(a)(5)(B)).

Brownlee admits that the terms of the repayment, such as the amount and duration of payments, have not been set forth by the plan or negotiated with the IRS. Simply mentioning the secured portion of the IRS Claim in the plan is insufficient, as Brownlee

6

does not propose any terms for repayment. Therefore, Brownlee's plan fails to satisfy the requirements of § 1325(a)(5)(B)(ii).

Further, § 1325(a)(6) requires that a Court shall confirm a plan if "the debtor will be able to make all payments under the plan and to comply with the plan[.]" 11 U.S.C. § 1325(a)(6). All income available to Brownlee is committed to monthly expenses and Chapter 13 plan payments made directly to the trustee with nothing remaining for payment of the secured portion of the IRS Claim. Therefore, Brownlee has not met his burden under § 1325(a)(6).

**IT IS, THEREFORE, ORDERED** that the Objection to Confirmation is sustained. If Brownlee is to maintain a Chapter 13 case, he must file a revised plan within **fourteen (14) days** from entry of this Order.

**IT IS SO ORDERED.**

**FILED BY THE COURT**
**01/20/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 01/20/2016